IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NAUTILUS INSURANCE COMPANY PLAINTIFF

NO. 09-4075

KERRY MOSBEY; KGM CONSTRUCTION, INC.; BOB HARRISON; AND JAN HARRISON DEFENDANTS

MOTION FOR SUMMARY JUDGMENT (REFILED)

Plaintiff, Nautilus Insurance Company ("Nautilus"), for its Motion for Summary Judgment (Refiled), states:

1. There is no genuine issue as to any material fact, and Nautilus is entitled to summary judgment pursuant to Fed. R. Civ. P. 56.

2. Nautilus issued a policy of insurance, Policy No. MC287477, to Kerry Mosbey at the mailing address of 4111 Jack Cullen Drive, Texarkana, Arkansas. The policy was effective from October 4, 2003 to October 4, 2004. A true and correct copy of the policy of insurance is attached hereto as Exhibit A.

3. On May 14, 2008, defendants, Bob Harrison and Jan Harrison, filed a complaint against defendants, Kerry Mosbey and KGM Construction, Inc., in the Circuit Court of Miller County, Arkansas, Civil Division, Cause No. CV 2008-177-3 (hereinafter the "underlying action"). A true and correct copy of the complaint is attached hereto as Exhibit B.

4. In the underlying action, the Harrisons allege that in or about August 2004, the Harrisons entered into an agreement for the construction of a

new home by Kerry Mosbey and KGM Construction, Inc. (Ex. B ¶ II) The Harrisons allege that Kerry Mosbey and KGM Construction, Inc. expressly and impliedly warranted that the home would be constructed in a good and workmanlike manner and in accordance with accepted construction standards and practices, but the home has defects in its foundation, floors, walls and other components of the house due to negligent construction, inadequate design and improper materials. (Ex. B ¶ 4) The Harrisons allege that as a result of the misrepresentations, breaches of contract, and negligence of Kerry Mosbey and KGM Construction, Inc. in failing to properly construct the home or to make necessary repairs, the Harrisons have suffered damages including loss of market value, costs of necessary repairs, and loss of use and enjoyment of the home. (Ex. B ¶ VI)

5. Subsequent to the filing of the Complaint in the underlying action, Kerry Mosbey filed a Petition in Bankruptcy in Case No. 4:10-BK-70106 in the United States Bankruptcy Court for the Western District of Arkansas, Texarkana Division. On June 17, 2010, the bankruptcy court granted the motion of Bob and Jan Harrison for relief from the automatic bankruptcy stay, on the condition that the underlying action of Bob and Jan Harrison against Kerry Mosbey and KGM Construction, Inc. should proceed with a determination of the liabilities and amount of damages, if any. *See* Motion to Reopen Proceedings, Doc. 17. Subsequently, this Court entered its Order (Doc. 18), reopening this case, which had previously been administratively terminated without prejudice because of the bankruptcy. (Doc. 16) In its Order,

the Court directed that plaintiff refile its Motion for Summary Judgment (Doc. 5) that was pending at the time this case was administratively terminated if the plaintiff wished for its Motion to be heard by the Court.

6. The insurance policy issued by Nautilus affords no liability coverage for the benefit of KGM Construction, Inc. because KGM Construction, Inc. is not an insured under the policy. The "Form of Business" shown on the declarations page of the policy is "Individual." The policy further provides, in a section entitled "Who Is An Insured," as follows:

> If you are designated in the Declarations as:
>
> a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owners.

7. There is no coverage under the policy for the benefit of either Kerry Mosbey or KGM Construction, Inc. for the additional reason that no "property damage" or "bodily injury" occurred during the policy period of October 4, 2003 to October 4, 2004, as evidenced by the excerpts of the depositions of Mr. Harrison and Mrs. Harrison, attached hereto as Exhibits C and D, respectively. In the Commercial General Liability Coverage Form, under Section I--Coverages, Coverage A, Bodily Injury and Property Damage Liability, paragraph 1.b. provides, in relevant part:

> b. This insurance applies to 'bodily injury' and 'property damage' only if:
>
> (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';

> (2) The 'bodily injury' or 'property damage' occurs during the policy period ....

8. There is also no coverage under the policy for the benefit of either Kerry Mosbey or KGM Construction, Inc. because the Harrisons' claims against them are not claims for damages because of "bodily injury" or "property damage" caused by an "occurrence," as required by the insuring agreement of the policy. In relevant part, the insuring agreement for Coverage A in the Commercial General Liability Coverage Form provides:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.
>
> * * *
>
> b. This insurance applies to 'bodily injury' and 'property damage' only if:
>
> (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory' ....

9. The policy defines the term "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Under Arkansas law, defective construction or workmanship is not an "accident" or "occurrence" within the meaning of commercial general liability policies such as the policy involved in this case.

10. Additionally, there is no coverage under the policy for the benefit of Kerry Mosbey or KGM Construction, Inc. because the damages claimed by the Harrisons are not damages because of "property damage" as defined in the policy. The policy defines "property damage" as follows:

> 'Property damage' means:
>
> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it.

11. Under Arkansas law, a failure to perform contractual obligations is not "property damage" for purposes of a commercial general liability policy such as that involved in this case.

12. Additionally, certain exclusions to coverage contained in the policy are applicable to preclude any liability coverage for the benefit of Kerry Mosbey or KGM Construction, Inc. One such exclusion states:

> **a. Expected Or Intended Injury**
>
> 'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured. This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property.

13. Another exclusion that is applicable, if there was any "property damage" that occurred during the policy period of the Nautilus policy, provides:

> This insurance does not apply to:

* * *

**j. Damage To Property**

'Property damage' to:

* * *

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations ....

14. Numerous other exclusions are contained in the policy of insurance, as set forth in the Complaint for Declaratory Judgment of Nautilus filed herein. In the event the present Motion for Summary Judgment is not granted, Nautilus reserves the right to rely on any or all of the other exclusions, terms and conditions contained in the policy in support of another motion for summary judgment with respect to some or all of the claims made by Mr. and Mrs. Harrison in the underlying action.

15. This motion is based upon the pleadings on file and Exhibits A through D, referenced above, which are attached hereto.

16. A Brief in Support of this motion and Statement of Undisputed Facts are filed herewith and incorporated herein by reference.

WHEREFORE, plaintiff, Nautilus Insurance Company, prays that its Motion for Summary Judgment be granted, that the Court enter a judgment declaring not only that the policy of insurance issued by it affords no liability coverage for the benefit of Kerry Mosbey or KGM Construction, Inc. with

respect to the claims made against them by Bob Harrison and Jan Harrison in the underlying action, but also declaring that Nautilus has no obligation to provide a defense for Kerry Mosbey or KGM Construction, Inc. in the underlying action, and granting Nautilus Insurance Company all other proper relief to which it may be entitled.

/s/BEVERLY A. ROWLETT
HUCKABAY, MUNSON, ROWLETT
AND MOORE, P.A.
REGIONS CENTER
400 W. CAPITOL, SUITE 1900
LITTLE ROCK, AR 72201
501/374-6535

CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2010, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Errol N. Friedman
enfriedman@texarkanalegal.com

Nelson V. Shaw
nelsonshaw@dodsondodson.com

/S/BEVERLY A. ROWLETT