IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NAUTILUS INSURANCE COMPANY PLAINTIFF

NO. 09-4075

KERRY MOSBEY; KGM CONSTRUCTION, INC.; BOB HARRISON; AND JAN HARRISON DEFENDANTS

REPLY TO RESPONSE OF KERRY MOSBEY AND KGM CONSTRUCTION, INC. TO MOTION FOR SUMMARY JUDGMENT (REFILED)

Plaintiff, Nautilus Insurance Company ("Nautilus"), for its Reply to Response of Kerry Mosbey and KGM Construction, Inc. to Motion for Summary Judgment (Refiled), states:

1. Nautilus admits that the policy provides coverage for the products-completed operations hazard, but denies that any "coverage pages" are missing from the policy and denies that the said coverage provides coverage for the allegations made against Kerry Mosbey and KGM Construction, Inc. by Bob and Jan Harrison. A full, complete and certified copy of the policy was filed herein with plaintiff's Supplement to Reply to Response to Motion for Summary Judgment. (Doc. 13) The term "products-completed operations hazard" is exhaustively defined at page 15 of Form CG 00 01 10 01 of the policy. The coverage for this hazard is further defined by exclusion j.(6) and exclusion l found at pages 4 and 5 of the same form, and is further defined by Endorsement CG 21 34 01 87 and Endorsement S252 (06/03) attached to the

policy. The existence of this coverage does not afford liability coverage under the circumstances of this case, because the basic insuring agreement of the policy under Coverage A, which encompasses property damage liability, requires that the insured become legally obligated to pay damages because of "property damage" caused by an "occurrence." As a matter of law, defective construction is not an "occurrence," and economic loss, or a failure to perform contractual obligations, is not "property damage." *Essex Ins. Co. v. Holder,* 370 Ark. 465, 261 S.W.3d 456 (2007); *Nabholz Constr. Corp. v. St. Paul Fire & Marine Ins. Co.*, 354 F. Supp. 2d 917 (E.D. Ark. 2005); *Cincinnati Ins. Cos. v. Collier Land Holdings, LLC,* 614 F. Supp. 2d 960 (W.D. Ark. 2009); *Unigard Security Ins. Co. v. Murphy Oil USA, Inc.,* 331 Ark. 211, 962 S.W.2d 735 (1998).

2. The assertion of Kerry Mosbey and KGM Construction, Inc. that certain work was done during the policy period of the insurance policy does not create an issue of material fact. There is no Exhibit B attached to the Response of Mr. Mosbey and KGM Construction, Inc. to plaintiff's Refiled Motion for Summary Judgment. Exhibit B attached to the Response of Mr. Mosbey and KGM Construction, Inc. to plaintiff's original Motion for Summary Judgment is an unidentified, unverified document that proves nothing. Furthermore, the issue before the Court is not when construction work was performed, but whether any damages claimed by the Harrisons in the underlying litigation occurred during the policy period. That no such damages occurred during the policy period is illustrated by the deposition testimony of Mr. and Mrs.

Harrison, attached to Nautilus' Motion for Summary Judgment (Refiled) as Exhibits C and D. Furthermore, even if any of the damages claimed by the Harrisons occurred during the policy period, those damages are not damages because of "property damage" caused by an "occurrence" as required by the basic insuring agreement.

3. The assertion of Mr. Mosbey and KGM Construction, Inc. that there is a genuine dispute as to whether there was "property damage" or "bodily injury" during the time the policy of insurance was in effect is addressed in paragraph 2, above.

4. There is no issue of fact as to whether Mr. Mosbey and/or KGM Construction, Inc. was an "insured" under the policy. The policy clearly shows that it was issued to Kerry Mosbey as the named insured, and that Mr. Mosbey's "Form of Business" was "Individual." The policy further unambiguously provides under Section II of Form CG 00 01 10 01 (p. 9), entitled "Who Is An Insured," that if the insured is designated in the Declarations as an individual, the insured and the insured's spouse are insureds, but only with respect to the conduct of a business of which the named insured is the sole owner.

5. Furthermore, even if KGM Construction, Inc. qualified as an insured under the policy, the policy would still afford no liability coverage with respect to the allegations made by the Harrisons in the underlying litigation, because those allegations do not seek damages because of "property damage"

caused by an "occurrence" as required by the basic insuring agreement of the policy.

6. Mr. Mosbey and KGM Construction, Inc. assert there is a question of fact as to whether the policy covers the type of work performed on the residence constructed for the Harrisons. According to the complaint filed by the Harrisons against Kerry Mosbey and KGM Construction, Inc., and according to the deposition testimony of the Harrisons (Exs. B, C and D to Nautilus' Motion for Summary Judgment (Refiled)), the work performed was defective construction. As a matter of law, under the Arkansas state and federal cases cited *supra*, damages sought because of defective construction work are not damages because of "property damage" caused by an "occurrence," as required by the basic insuring agreement.

7. Mr. Mosbey and KGM Construction, Inc. assert there is an issue of fact as to whether the damages of the Harrisons are "property damage" or "bodily injury" and how such damages relate to the work performed. In response, Nautilus would refer the Court to the immediately preceding paragraph of this reply.

8. Finally, Mr. Mosbey and KGM Construction, Inc. assert that the applicability of the policy exclusions asserted by Nautilus "would be best decided by a fact finder." Nautilus' response is that although the exclusions relied upon are unambiguous and applicable, the Court need not even reach the issue whether the exclusions are applicable because this case does not

involve an "occurrence" or "property damage," as required by the basic insuring agreement of the policy.

9. Mr. Mosbey and KGM Construction, Inc. have failed to respond to the Statement of Undisputed Facts submitted by Nautilus in support of its Motion for Summary Judgment (Refiled). Therefore, Nautilus' Statement of Undisputed Facts should be deemed admitted pursuant to Local Rule 56.1(c), and under those undisputed facts, Nautilus is entitled to summary judgment.

10. Nautilus denies all allegations contained in the Response of Kerry Mosbey and KGM Construction, Inc. to Nautilus' Motion for Summary Judgment (Refiled) not specifically admitted herein.

WHEREFORE, Nautilus Insurance Company prays that its Motion for Summary Judgment (Refiled) be granted, that the Court enter a judgment declaring not only that the policy of insurance issued by it affords no liability coverage for the benefit of Kerry Mosbey or KGM Construction, Inc. with respect to the claims made against them by Bob Harrison and Jan Harrison in the underlying action, but also declaring that Nautilus has no obligation to provide a defense for Kerry Mosbey or KGM Construction, Inc. in the underlying action, and granting Nautilus Insurance Company all other proper relief to which it may be entitled.

/s/BEVERLY A. ROWLETT
HUCKABAY, MUNSON, ROWLETT
AND MOORE, P.A.
REGIONS CENTER
400 W. CAPITOL, SUITE 1900
LITTLE ROCK, AR 72201
501/374-6535

CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2010, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Errol N. Friedman
enfriedman@texarkanalegal.com

Nelson V. Shaw
nelsonshaw@dodsondodson.com

/S/BEVERLY A. ROWLETT