IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NAUTILUS INSURANCE COMPANY PLAINTIFF

NO. 09-4075

KERRY MOSBEY; KGM CONSTRUCTION, INC.; BOB HARRISON; AND JAN HARRISON DEFENDANTS

BRIEF IN SUPPORT OF REPLY TO RESPONSE OF KERRY MOSBEY AND KGM CONSTRUCTION, INC. TO MOTION FOR SUMMARY JUDGMENT (REFILED)

Mr. Mosbey and KGM Construction, Inc. appear to assert that an error was made because the policy was issued to Kerry Mosbey, individually, and not to the corporation, KGM Construction, Inc. This assertion fails to raise a genuine issue of material fact. First, the agent from whom the policy was purchased was a mere soliciting agent rather than a general agent. A soliciting agent has no authority to agree upon the terms of insurance policies or to change or waive those terms, nor can his knowledge be imputed to the insurance company. *Holland v. Interstate Fire Ins. Co.*, 229 Ark. 491, 316 S.W.2d 707 (1958). Furthermore, Mr. Mosbey had every opportunity to review the policy after it was issued to him, and it is a long established rule that it is an insured's responsibility to educate himself concerning his insurance coverage. *Scott-Huff Ins. Agency v. Sandusky*, 318 Ark. 613, 887 S.W.2d 516 (1994); *Colonia Underwriters Ins. Co. v. Worthen Nat'l Bank of Arkansas*, 53 Ark. App. 106, 919 S.W.2d 515 (1996). Aside from these issues, there would be no

coverage under the policy for KGM Construction, Inc. even if the corporation somehow qualified as an insured under the policy, because there was no "occurrence" and no "property damage" as required by the basic insuring agreement for property damage liability coverage. *Essex Ins. Co. v. Holder,* 370 Ark. 465, 261 S.W.3d 456 (2007); *Nabholz Constr. Corp. v. St. Paul Fire & Marine Ins. Co.,* 354 F. Supp. 2d 917 (E.D. Ark. 2005); *Cincinnati Ins. Cos. v. Collier Land Holdings, LLC,* 614 F. Supp. 2d 960 (W.D. Ark. 2009); *Unigard Security Ins. Co. v. Murphy Oil USA, Inc.,* 331 Ark. 211, 962 S.W.2d 735 (1998).

Mr. Mosbey and KGM Construction, Inc. also assert that the coverage page(s) for products-completed operations "appears" to be missing. Again, Mr. Mosbey and KGM Construction, Inc. fail to raise a genuine issue as to any material fact. As set forth in the Reply of Nautilus to the Response of Mr. Mosbey and KGM Construction, Inc., the coverage for the products-completed operations hazard is defined in several different parts of the policy. Indeed, the complete, certified copy of the policy filed with plaintiff's Supplement to Reply to Response to Motion for Summary Judgment (Doc. 13), with a "Schedule of Forms and Endorsements" found on page 1 of Form S902 (12/98), shows that all forms and endorsements that are a part of the policy are included. In any event, the coverage for the products-completed operations hazard is subject to the basic insuring agreement for property damage liability found at page 1 of Form CG 00 01 10 01, which provides coverage for sums the insured becomes obligated to pay as damages because of "property damage"

caused by an "occurrence." Under the authorities cited *supra*, this defective construction case involves no "occurrence" or "property damage."

Mr. Mosbey and KGM Construction, Inc. next assert there is some ambiguity in the policy, apparently with reference to the coverage for the products-completed operations hazard. To the contrary, there is no ambiguity, as that hazard is clearly defined at page 15 of Form CG 00 01 10 01. Moreover, there is likewise no ambiguity in the policy definitions of "occurrence" and "property damage" found at pages 14-15 of the same form, and, as a matter of law, a defective construction claim in Arkansas does not involve damages because of "property damage" caused by an "occurrence."

Mr. Mosbey and KGM Construction, Inc. next assert that there is an issue of fact because some of the construction work was allegedly done during the policy period of the Nautilus policy, pointing to Exhibit B. There is no Exhibit B attached to the Response of Mr. Mosbey and KGM Construction, Inc. to plaintiff's Refiled Motion for Summary Judgment. Exhibit B to their Response to plaintiff's original Motion for Summary Judgment is an unidentified, unverified document that proves nothing. Furthermore, the issue before the Court is not when the construction work was performed, but instead is whether any of the damages claimed by the Harrisons in the underlying litigation occurred during the policy period. The insuring agreement clearly provides that the insurance applies to "property damage" only if the "property damage" occurs during the policy period. *See* page 1 of Form CG 00 01 10 01. The deposition testimony of Mr. and Mrs. Harrison, Exhibits C and D to

Nautilus' Motion for Summary Judgment (Refiled), clearly shows that they are not making claim for any damages that occurred before the Nautilus policy expired on October 4, 2004. Furthermore, even if any of the damages claimed by the Harrisons occurred before that date, those damages are still not damages because of "property damage" caused by an "occurrence" as required by the basic insuring agreement.

Last, Mr. Mosbey and KGM Construction, Inc. allege that certain affirmative defenses, such as waiver, should prevent summary judgment. However, Mr. Mosbey and KGM Construction, Inc. have failed to present anything in their Response to the Motion for Summary Judgment (Refiled) to illustrate that any alleged affirmative defense is valid, or that any alleged affirmative defense would show that there is a genuine issue as to any facts material to Nautilus' Motion for Summary Judgment (Refiled). Once the party moving for summary judgment has properly supported its motion, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rest on the mere allegations or denials of his pleading but must "come forward with 'specific facts showing there is a genuine issue for trial.' " *Id.* at 587 (*quoting* Fed. R. Civ. P. 56(e)). Summary judgment procedures are appropriate when the issues involved are primarily legal rather than factual. *Cremona v. R.S. Bacon Veneer Co.*, 433 F.3d 617, 620 (8th Cir. 2006). In this case, the issues

presented are legal ones, i.e., whether damages claimed because of defective construction are damages because of "property damage" caused by an "occurrence."

Finally, Nautilus would note that Mr. Mosbey and KGM Construction, Inc. have failed to respond to the Statement of Undisputed Facts submitted by Nautilus in support of its Motion for Summary Judgment (Refiled). Therefore, Nautilus' Statement of Undisputed Facts should be deemed admitted pursuant to Local Rule 56.1(c), and under those undisputed facts, Nautilus is entitled to summary judgment.

WHEREFORE, Nautilus Insurance Company prays that its Motion for Summary Judgment (Refiled) be granted, that the Court enter a judgment declaring not only that the policy of insurance issued by it affords no liability coverage for the benefit of Kerry Mosbey or KGM Construction, Inc. with respect to the claims made against them by Bob Harrison and Jan Harrison in the underlying action, but also declaring that Nautilus has no obligation to provide a defense for Kerry Mosbey or KGM Construction, Inc. in the underlying action, and granting Nautilus Insurance Company all other proper relief to which it may be entitled.

/s/BEVERLY A. ROWLETT
HUCKABAY, MUNSON, ROWLETT
AND MOORE, P.A.
REGIONS CENTER
400 W. CAPITOL, SUITE 1900
LITTLE ROCK, AR 72201
501/374-6535

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2010, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Errol N. Friedman
enfriedman@texarkanalegal.com

Nelson V. Shaw
nelsonshaw@dodsondodson.com

/S/BEVERLY A. ROWLETT