IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NAUTILUS INSURANCE COMPANY PLAINTIFF

VS. Case No. 09-4075

KERRY MOSBEY; KGM CONSTRUCTION, INC.;
BOB HARRISON; AND JAN HARRISON DEFENDANTS

**SEPARATE DEFENDANTS KERRY MOSBEY AND KGM CONSTRUCTION, INC.'S BRIEF IN SUPPORT OF THEIR RESPONSE TO THE RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (REFILED)

The plaintiff should not be entitled a summary judgment based on its motion alleging that it does not have a duty to defend or indemnify separate defendants Kerry Mosbey and KGM Construction, Inc. in an action filed in the Miller County Circuit Court by separate defendants Bob Harrison and Jan Harrison. Separate defendants Kerry Mosbey and KGM Construction, Inc. oppose such a motion on several grounds:

First, Kerry Mosbey purchased the insurance policy in question from plaintiffs agent, Steve Standridge Insurance, in order to provide coverage for his company, KGM Construction, Inc. KGM Construction, Inc. was formed for the purpose of "construction and development." See Exhibit "A." Mosbey relied on plaintiff and its agent to provide adequate insurance coverage for his company's construction of residences and other structures. Why plaintiff and its agent did not provide such requested coverage is a major question, particularly in view of plaintiff's declaratory action. Under Arkansas law, the court must construe insurance contracts between parties to give effect to the parties intent. Dupps v. Travelers Ins. Co., 80 F.3d 312 (8th Cir. 1996). Accordingly, this question is not one for resolution through a summary disposition.

Second, the plaintiff's Declaration Page on the insurance policy in question, purports to set out coverage and apparently the assessments of premiums for "Products Completed Operation" coverage. See Exhibit "A" of Mosbey's response to the motion for summary judgment. However, the coverage page(s) for "Products Completed

Operation" appears to be missing from the insurance policy. Arguably, the coverage afforded under "Products Completed Operations" would have a direct effect on the coverage issue raised by plaintiff in this declaratory judgment action. Whether a project, such as the construction of the Harrison house, is complete for purposes of any "completed operations exclusion is left to the courts to be decided on a case-by-case basis under Arkansas law. Shelter Mut. Ins. Co. v. Gardner, 872 F. Supp. 622 (W.D. Ark. 1995).

Under Arkansas law, ambiguity exists only if an insurance policy provision is susceptible to more than one reasonable interpretation, which is the situation in this case. In the event that such ambiguity exists, the determination of the policy rests with the court. Allstate Ins. Co. v. Burrough, 914 F. Supp. 308 (W.D. Ark. 1996), *aff'd*, 120 F. 3d 834. Further, courts are to resolve such ambiguities in insurance policies in accordance with reasonable expectations of the insured. Enterprise Tools, Inc. v. Export-Import Bank of U. S., 799 F. 2d 437 (8th Cir. 1986), *cert denied*, 480 U. S. 931. Again, the question is not one for resolution through a summary disposition.

Third, evidence obtained through discovery in the pending state court action, shows that building permits obtained by KGM Construction, Inc. and/or Kerry Mosbey occurred during the period of insurance coverage. On August 5, 2004, a building permit was obtained for the Harrison project. Further, on August 20, 2004, KGM Construction, Inc. and/or Kerry Mosbey paid for foundation work performed by Bobby Underwood, a site plan prepared by Hall Surveying and Engineering, Inc., and for the installation of helical piers by Excel Foundation. See Exhibit "B." All of this work was done during the coverage period of the insurance policy in question.

Fourth, separate defendants Kerry Mosbey and KGM Construction, Inc. have alleged various affirmative defenses, such as waiver, that would not be able to be considered if summary judgment was ordered. The timing of this declaratory action deserves consideration by a fact finder.

For these reasons, a summary judgment is not warranted in this case.

Respectfully Submitted,

**Nelson V. Shaw** 78206
Attorney for Kerry Mosbey and
KGM Construction, Inc.

Dodson & Dodson, LLP
2005 Moores Lane
Texarkana, TX 75503

(903) 794-3121 telephone

## CERTIFICATE OF SERVICE

I, Nelson V. Shaw certify that a true and correct copy of the above and foregoing Answer has been forwarded to the following attorneys of record by United States Mail, postage prepaid, on this 31st day of August, 2009:

Ms. Beverly Rowlett
Attorney at Law
Regions Center
400 West Capitol, Suite 1900
Little Rock, AR 72201

Mr. Michael Friedman
Attorney at Law
200 West Broad Street
Texarkana, TX 75501

Mr. Jim Tilley
Attorney at Law
200 South Commerce Street, Suite 200
Little Rock, AR 72201-1769

Nelson V. Shaw

*Corporation and UCC Records • Elections • Capitol Building and Grounds*

FILED
CORPORATIONS DIVISION
185543
00 MAY 24 PM 3:03
SHARON PRIEST
SECRETARY OF STATE
STATE OF ARKANSAS
BY DK

# Arkansas Secretary of State
## Sharon Priest

State Capitol • Little Rock, Arkansas 72201-1094 • 501.682.3409

**Instructions:** File in **DUPLICATE**, including at least one original with original signature, with the Arkansas Secretary of State's Corporations Division, State Capitol, Little Rock, Arkansas 72201-1094 with payment of fee. Duplicate copy will be returned to the Corporation at the listed address.

PLEASE TYPE OR CLEARLY PRINT IN INK

# ARTICLES OF INCORPORATION
# of

The undersigned acting as incorporators of a corporation under the Arkansas Business Corporation Act (Act 958 of 1987), adopt the following Articles of Incorporation of such Corporation:

**First:** The name of the Corporation is:

KGM Construction Inc

Must contain the words "Corporation", "Incorporated", "Company", "Limited", or the abbreviation "Corp.", "Inc.", "Co.", or "Ltd." or words or abbreviations of like import in another language.

**Second:** The number of shares which the Corporation shall have the authority to issue is

1000 share(s). The par value of each share is No Par.

The designation of each class, the number of shares of each class, or a statement that the shares of any class are without par value, are as follows:

| Number of Shares | Class | Series (If any) | Par Value Per Share Or Statement That Shares Are Without Par Value |
|---|---|---|---|
| 1000 | Common | | No Par |

EXHIBIT
A

**Third:** The street address of the initial registered office of this Corporation shall be located at

4401 Sugarhill Rd, Texarkana, AR 71854

and the name of the initial registered agent of this Corporation at that address is

Kerry Mosbey

**Filing Fee $50.00**

DN-01 Rev.12/99

**Fourth:** The name and address of each Incorporator is as follows:

| NAME | ADDRESS |
|---|---|
| Kerry Moxbey | 4401 Sugarhill Rd, Texarkana, Ar 71854 |
| | |
| | |

**Fifth:** The nature of the business of the corporation and the object or purposes proposed to be transacted, promoted or carried on by it, are as follows:

(a) The primary purpose of the Corporation shall be Construction & Development

(b) To conduct any business enterprise not contrary to law.

(c) To exercise all of the powers enumerated in Section 4-27-302 of the Arkansas Business Corporation Act.

**Sixth:** EXECUTED this 20 day of May 2000.

Kerry Moxbey
Signature

Title (Pres., other officer, Chairman of the Board or by Incorporator pending election of corporate officers)